IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COURTNEY GRIFFIN, *on behalf of himself and those similarly situated,*<br>38 Gabrielle Circle<br>Manchester, NJ 08759<br><br>        Plaintiff,<br><br>  v.<br><br>ALLAIRE REHAB AND NURSING,<br>115 Dutch Lane Road<br>Freehold, NJ 07728<br><br>    and<br><br>BENJAMIN KURLAND,<br>c/o ALLAIRE HEALTH SERVICES,<br>115 Dutch Lane Road<br>Freehold, NJ 07728<br><br>        Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME WAGES UNDER FAIR LABOR STANDARDS ACT<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME WAGES UNDER NEW JERSEY WAGE AND HOUR LAW<br><br>No:<br><br>**JURY TRIAL DEMANDED** |

### **INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT**

Named Plaintiff Courtney Griffin (hereinafter "Named Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendants Allaire Rehab and Nursing and Benjamin Kurland (hereinafter collectively referred to as "Defendants").

### **INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA and New Jersey Wage Laws.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court, in accordance with 28 U.S.C. § 1331, has original subject matter jurisdiction over Named Plaintiff's federal claims because this civil action arises under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth is the caption.

8. Defendant Allaire Rehab and Nursing is a New Jersey company operating a skilled nursing facility located at the address set forth in the caption.

9. Defendant Benjamin Kurland is an individual and owner of Defendant Allaire Rehab and Nursing as well as other nursing and rehabilitation facilities (herein collectively referred to as "the other Allaire Facilities") including but not limited to Morris View Healthcare Center, Grandview Nursing and Rehabilitation, and Grandview Health Homes.

10. Because of their interrelation of operations, common ownership, common management, common control over labor relations, and other factors as they relate to Named Plaintiff and those similarly situated, Defendant Allaire Rehab and Nursing and the other Allaire Facilities are sufficiently interrelated and integrated in their activities, labor relations, and management as same relate to Named Plaintiff and those similarly situated that they may be treated as a single employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees of Defendants who work or worked for Defendants at Defendant Allaire Rehab and Nursing and/or the other Allaire Facilities as "Certified Nursing Assistants" and/or in other non-exempt, hourly positions, who are or were subject to Defendants' pay practices and policies described herein at any point from the three years prior to the date that the instant action was initiated through the present (the members of this putative class are referred to as "Collective Plaintiffs").

13. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was an employee of Defendants within the last three years whom Defendants failed to properly pay at least one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek as required by the Fair Labor Standards Act ("FLSA").

14. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

16. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

17. Named Plaintiff brings his claims asserting violations of the New Jersey Wage and Hour Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons presently and formerly employed as hourly employees of Defendants who work or worked for Defendants at Defendant Allaire Rehab and Nursing and/or the other Allaire Facilities as "Certified Nursing Assistants" and/or in other non-exempt, hourly positions, who are or were subject to Defendants' pay practices and policies described herein at any point from the two years prior to the date that the instant action was initiated through the present (the members of this putative class are also referred to as "Class Plaintiffs").

18. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

19. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was subject to the same unlawful wage policies and practices of Defendants.

20. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

21. Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

22. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendants.

24. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants failed to properly calculate overtime wages owed to Named Plaintiff and Class Plaintiffs due to Defendant's exclusion of renumeration from the regular rate.

## FACTUAL BACKGROUND

25. The foregoing paragraphs are incorporated herein as if set forth in full.

26. Named Plaintiff worked for Defendants as a Certified Nursing Assistant ("CNA") at Defendants' facility in Freehold, New Jersey.

27. Named Plaintiff earned an hourly wage.

28. Named Plaintiff regularly worked for Defendants more than 40 hours per workweek.

29. Collective Plaintiffs and Class Plaintiffs earned/earn hourly wages.

30. Collective Plaintiffs and Class Plaintiffs regularly worked/work for Defendants more than 40 hours per workweek.

31. Named Plaintiff did not have the authority to hire or fire other employees of Defendants.

32. Collective Plaintiffs and Class Plaintiffs did/do not have the authority to hire or fire other employees of Defendants.

33. Named Plaintiff did not have the authority to schedule employees of Defendants.

34. Collective Plaintiffs and Class Plaintiffs did/do not have the authority to schedule employees of Defendants.

35. At all times relevant herein, Defendants considered Named Plaintiff as non-exempt and entitled to overtime compensation as required by the FLSA and the NJWHL.

36. Accordingly, at all times relevant herein Named Plaintiff was a non-exempt employee entitled to overtime compensation as required by the FLSA and the NJWHL.

37. At all times relevant herein, Defendants considered/consider Collective Plaintiffs and Class Plaintiffs as non-exempt and entitled to overtime compensation as required by the FLSA and the NJWHL, respectively.

38. Accordingly, at all times relevant herein, Collective Plaintiffs and Class Plaintiffs were/are non-exempt employees entitled to overtime compensation as required by the FLSA and the NJWHL, respectively.

## Unlawful Overtime Rates

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. Named Plaintiff earned a base hourly rate.

41. In addition to Named Plaintiff's base hourly rate, Defendants paid Named Plaintiff additional compensation, including but not limited to shift differentials.

42. Despite Named Plaintiff's additional compensation, Defendants paid Named Plaintiff an overtime rate of only 1.5 times his base hourly rate.

43. Defendants failed to use a "weighted average" by excluding all additional compensation earned by Named Plaintiff from Named Plaintiff's regular rate, upon which his overtime rate is based.

44. Accordingly, Defendants paid Named Plaintiff less than 1.5 his regular rate for hours that Named Plaintiff worked more than 40 hours during any workweek in which he earned compensation in addition to his base hourly rate.

45. By way of example only, for the pay period beginning on January 7, 2018 and ending on January 20, 2018, Defendants paid Named Plaintiff a differential of $2.00 per hour (called "EXTRA" on his paystub) in addition to his base rate of $13.25 per hour.

46. Despite said shift differential pay, Defendants paid Named Plaintiff an overtime rate of only $19.88 per hour, which is 1.5 times his base rate ($13.25 * 1.5) rather than his regular rate, which includes the shift differential pay.

47. Defendant paid/pay Collective Plaintiffs and Class Plaintiffs base hourly rates.

48. In addition to Collective Plaintiffs' and Class Plaintiffs' base hourly rates, Defendants paid/pay Collective Plaintiffs and Class Plaintiffs additional compensation, including but not limited to shift differentials.

49. Despite Collective Plaintiffs' and Class Plaintiffs' additional compensation, Defendants paid/pay Collective Plaintiffs and Class Plaintiffs overtime rates of only 1.5 times their base hourly rates.

50. Defendants failed/fail to use a "weighted average" by excluding all additional compensation earned by Collective Plaintiffs and Class Plaintiffs from their regular rates, upon which their overtime rates are based.

51. Accordingly, Defendants paid/pay Collective Plaintiffs and Class Plaintiffs less than 1.5 their regular rates for hours that Collective Plaintiffs and Class Plaintiffs worked/work more than 40 hours during any workweek in which they earned/earn compensation in addition to their base hourly rates.

52. Defendants' practice of excluding shift differentials from the regular rate occurred/occurs in nearly all workweeks that Named Plaintiff, Collective Plaintiffs, and Class

Plaintiffs work/worked, save only the workweeks during which they did/do not work more than 40 hours or where they did not compensation other than their base hourly rates.

53. As a result of Defendants' aforesaid illegal actions, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs have suffered damages.

## COUNT I
### Violations of the Fair Labor Standards Act (FLSA)
(Failure to Pay Proper Overtime Compensation)
(Named Plaintiff and Collective Plaintiffs v. Defendants)

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

56. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

57. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

58. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than forty hours per workweek.

59. Defendants' violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs at least 1.5 times their regular rate of pay for all hours worked more than forty per workweek as explained *supra*.

60. Defendants' conduct in failing to properly pay Named Plaintiff and Collective Plaintiffs was/is willful and was/is not based upon any reasonable interpretation of the law.

61. Defendants' conduct caused Named Plaintiff and Collective Plaintiffs to suffer damages.

## COUNT II
### Violations of the New Jersey Wage and Hour Law (NJWHL)
(Failure to pay Overtime Compensation)
(Named Plaintiff and Class Plaintiffs v. Defendants)

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the NJWHL.

64. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiff and Class Plaintiffs.

65. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendants as "employees" within the meaning of the NJWHL.

66. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than forty hours per workweek.

67. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs proper overtime compensation for all hours worked more than 40 hours per workweek violated the NJWHL

68. Defendants' conduct caused Named Plaintiff and Class Plaintiffs to suffer damages.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B. Defendants are to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for all pay and benefits they would have received had it not been for Defendants' illegal actions;

C.	Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

D.	Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E.	Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded all other equitable and legal relief as the Court deems appropriate.

F.	Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Matthew Miller*_____
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 N. Kings Highway Ste 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: December 28, 2018

**DEMAND TO PRESERVE EVIDENCE**

1.	All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' employment, to their cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other

information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.